(October 1, 1991)

■ The People of the State of New York ex rel. Edwin Gonzalez, Also Known as Edwin Rodriguez, Appellant, v Warden of Anna M. Cross Center, Respondent.—Order, Supreme Court, Bronx County (Edward M. Davidowitz, J.) entered on or about December 1, 1989, which denied relator's motion to suppress evidence and ruled that such evidence was admissible at relator's parole revocation hearing, affirmed.

The police officers in this case received a tip from an identified informant, whose information had previously proved to be reliable, that petitioner, who was walking down the street with two other men, was a "stickup kid" who "always carries [a gun] and * * * rips off drug dealers." The informant specifically stated that he himself had seen the gun. As petitioner neared, he looked in the direction of the officers and walked quickly away. The officers followed in their car, and when they drew alongside petitioner, they exited their car, with guns drawn, informed petitioner that they were police officers, and ordered him to stop.

We find that under these circumstances, while the officers did not possess probable cause to arrest, they were in possession of sufficient information to provide them with reasonable suspicion that petitioner had committed or was committing a crime, thereby authorizing the forcible stop (CPL 140.50 [1]). Moreover, they were clearly justified by the statement that petitioner always carried a gun to believe that their safety would be in jeopardy were they to approach petitioner and identify themselves as police officers. They were therefore warranted in drawing their own weapons before they approached (CPL 140.50 [3]). Since, during the pursuit that followed, petitioner actually displayed the weapon, at that point the officers had probable cause to arrest him and to seize

the weapon. Concur—Milonas, Ellerin, Wallach and Kassal, JJ.

Murphy, P. J., dissents in a memorandum as follows: Petitioner in this habeas corpus proceeding, a parolee, has been incarcerated pursuant to a parole violation warrant issued by respondent. The violation alleged as the ground for the warrant's issuance was petitioner's possession of a gun on October 21, 1988. On that date police officers Pao and Cincotta were approached by an informant with whom they had previously dealt and told that petitioner, who was standing nearby, had a gun. When asked how he knew that petitioner had a gun, the informant replied that he had "seen him with a gun and he [the petitioner] always carries it and that he rips off drug dealers." Thereafter, Pao and Cincotta, without further inquiry, pursued the petitioner with their guns drawn. According to the officers, at some point during their pursuit of the petitioner, petitioner took a gun out of his jacket pocket, waved it in the air and returned it to his jacket. While still being pursued, petitioner removed his jacket and discarded it on the ground.

Petitioner was charged with criminal possession of a weapon in the second degree. The charge, however, was dismissed and the matter sealed. Following the dismissal of the criminal action, petitioner brought the present proceeding challenging his incarceration pursuant to the parole violation warrant. He alleged that the October 21, 1988 seizure of the gun had been the product of an illegal stop and search conducted in violation of his constitutional rights. After a hearing, the petitioner's motion to suppress the gun was denied. The motion court found that the officers' information had been reliable and that given the nature of that information, indicating that the petitioner carried a gun, the officers were justified in approaching the petitioner with their guns drawn. The court found that probable cause for the petitioner's arrest arose once the petitioner removed the gun from his jacket pocket.

Respectfully, the court's analysis seems to me flawed. While it is undoubtedly true that probable cause arose when the petitioner exhibited his gun, the gun's exhibition was a direct consequence of illegal police activity. At the time the police approached the petitioner with their guns drawn, they had no reliable ground to suspect that a crime was then being committed. It is true that the informant stated that he had seen the petitioner with a gun and that petitioner "always" carried a gun, but the fact that the informant had on an unspecified

occasion seen petitioner in possession of a gun did not provide a basis for the inference that petitioner always carried a gun and, more to the point, it provided no basis to justify the belief that petitioner then had a gun.

Although the police undoubtedly had grounds for inquiry, they had none sufficient to support the forcible seizure which occurred. Before the police may forcibly stop a person in a public place they must have reasonable suspicion that criminal activity is afoot (People v Cantor, 36 NY2d 106, 112-113; People v Stephens, 139 AD2d 412, 414; CPL 140.50 [1]). Since the tip which the officers received was not one which would have induced an ordinarily prudent and cautious person (see, People v Cantor, supra, at 113) to believe that the petitioner then had a gun, or even that he had had one at any recent time, the ensuing police action, leading ultimately to the gun's discard and seizure, was unjustified.

Accordingly, the order of the Supreme Court, Bronx County (Edward Davidowitz, J.), rendered December 1, 1989, which denied the petitioner's motion to suppress evidence and directed that said evidence may be introduced at the petitioner's parole revocation hearing, should be reversed, the motion granted and the illegally seized evidence suppressed, and the matter remanded for further proceedings.