■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER PAGAN, Appellant. [759 NYS2d 226] —Peters, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered January 8, 2001, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

While conducting a routine cell search, correction officers used a hand-held metal detector which indicated, upon a scan of defendant's body, that something was located in his mouth. Defendant was then taken to a holding pen where, upon being ordered to disgorge the object in his mouth, he produced a small vial of liquid. Even though the scanner continued to go off near his mouth, defendant refused a subsequent order to disgorge any other objects. After being moved to another location, correction officers conducted a strip frisk in a room which contained a video camera. Unbeknownst to such correction officers, the camera was not working at the time of the search. Eventually, a handmade metal weapon was retrieved from defendant's mouth. After an indictment was returned charging defendant with one count of the crime of promoting prison contraband in the first degree arising out of his possession of the weapon (*see* Penal Law § 205.25 [2]), defendant propounded several pretrial motions. Of relevance here was his motion to suppress premised upon an alleged violation of prison rules in both the execution of the cell search and the "destruction" of the video recording the recovery of the weapon. County Court denied such motion without a hearing. After a jury trial, defendant was convicted of the crime charged and sentenced to a 3- to 6-year term of imprisonment, which was to run consecutively to the sentence he was then serving. This appeal ensued.

Defendant asserts that County Court erred in denying his motion to suppress without first conducting a full evidentiary hearing. We disagree. CPL 710.60 (3) permits a court to summarily deny a motion to suppress evidence if the motion papers do not allege a ground constituting a legal basis for such motion or the sworn allegations do not, as a matter of law, support the ground alleged. Fourth Amendment protections do not apply to random cell searches (*see Hudson v Palmer*, 468 US 517, 530 [1984]; *Bell v Wolfish*, 441 US 520, 555-557 [1979]),

but do apply to strip and/or body cavity searches. The reasonableness of such intrusion is assessed by "balancing * * * the need for the particular search against the invasion of personal rights that the search entails. [Hence, to pass constitutional muster,] [c]ourts [are required to] consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted" (*Bell v Wolfish, supra* at 559). Repeated scanner readings evincing defendant's continued secretion of an object, coupled with his intransigent conduct, support the reasonableness of the strip frisk. With such evidence undisputed, County Court properly determined that a hearing was unnecessary. Next, weighing defendant's bare allegations that a video of the search was destroyed by correction officers against testimony by such officers that they did not know that the camera was broken, we find no basis upon which we would find error in the failure to have ordered either a *Brady* or *Rosario* hearing (*see People v Parkinson*, 268 AD2d 792, 793 [2000], *lv denied* 95 NY2d 801 [2000]).

Turning to defendant's ineffective assistance of counsel assertion, we reiterate that losing trial tactics or strategies do not necessarily rise to the level of ineffectiveness (*see People v Jenkins*, 300 AD2d 751, 753 [2002]). Instead, " '[w]hat constitutes effective assistance of counsel is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation' " (*People v Berroa*, 99 NY2d 134, 138-139 [2002], quoting *People v Baldi*, 54 NY2d 137, 146 [1981]). It is evident that defendant and his counsel had their differences, which ascended to a request by counsel for permission to withdraw. But, even mindful of these difficulties, we still conclude, after viewing the evidence, the law, and the circumstances of this case in totality and as of the time of counsel's representation, that meaningful representation was provided (*see People v Baldi, supra* at 147).

Finally, we are unpersuaded that the sentence imposed is harsh or excessive. It is well settled that " ' "[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances" ' " (*People v Roberts*, 301 AD2d 756, 757 [2003], quoting *People v King*, 293 AD2d 815, 817-818 [2002], *lv denied* 98 NY2d 698 [2002], quoting *People v Harris*, 57 AD2d 663, 663 [1977]). We find neither here.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.