■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WAHEEM ALLAH, Appellant, v MICHAEL R. AMBRECHT et al., Respondents. [827 NYS2d 865]—Judgment, Supreme Court, New York County (Brenda Soloff, J.), entered April 24, 2006, denying petitioner's application for a writ of habeas corpus and dismissing the petition, unanimously affirmed, without costs.

Petitioner's claim that he was not furnished with a copy of the indictment may not be raised by way of habeas corpus, and is in any event without merit because the record establishes that the People complied with CPL 210.15 (1). Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COX, Appellant. [829 NYS2d 97]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered December 1, 2004, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's suppression motion without a hearing (*see People v Mendoza*, 82 NY2d 415 [1993]). Although defendant had ample information, with particular reference to the facts recited at arraignment (*see People v Long*, 36 AD3d 132 [2006] [codefendant's appeal]), upon which to make a proper suppression motion, his allegations were insufficient to raise a factual dispute requiring a hearing (*see People v Roberts*, 23 AD3d 245 [2005], *lv denied* 6 NY3d 817 [2006]). Defendant's conclusory claims did not address the People's allegation that he possessed drugs in the car he was driving, as well as that he acted in concert with his codefendant in other unlawful activity in a store prior to the lawful stop of the car. Concur—Sullivan, J.P., Williams, Gonzalez, Sweeny and Kavanagh, JJ.