■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON ARNOLD, Appellant. [851 NYS2d 531]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., on motion, Edward J. McLaughlin, J., at plea and sentence), rendered August 9, 2005, convicting defendant of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion, without a hearing, since the allegations in his motion papers, when considered in the context of the detailed information provided by the People as to the basis for his arrest, were insufficiently specific to raise a factual dispute requiring a hearing (*compare People v Long*, 36 AD3d 132, 135 [2006], *affd* 8 NY3d 1014 [2007], *with People v Bryant*, 8 NY3d 530, 533-534 [2007]).

Defendant did not preserve his claim that he was improperly adjudicated a second felony offender on the basis of an out-of-state conviction for a crime that allegedly lacked equivalency to a New York felony, and we decline to review it in the interest of justice. Defendant also claims that he was deprived of effective assistance of counsel as a result of his trial attorney's failure to raise this issue. Under the circumstances of the case, that claim is unreviewable on direct appeal because it involves matters outside the record regarding the relationship, if any, between counsel's plea negotiation strategy and his waiver of any challenge to defendant's second felony offender status (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), in that counsel's performance in this regard was within the broad range of reasonable professional competence. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.