— Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered February 20, 2007, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
While incarcerated at Washington Correctional Facility in Washington County, defendant struck another inmate with a sock containing two metal padlocks. As a result, he was charged in an indictment with assault in the second degree and promoting prison contraband in the first degree. He pleaded guilty to attempted promoting prison contraband in the first degree in full satisfaction of the charges. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to IV2 to 3 years in prison, to run consecutive to the time he was then serving. At sentencing, however, it was discovered that defendant was not a second felony offender, but had been sentenced as a youthful offender for the underlying crime. Consequently, he was sentenced to a term of imprisonment of 1 to 3 years, less than that agreed to under the plea agreement, to run consecutive to the sentence he was then serving. Defendant appeals.
Defendant’s sole contention on appeal is that his sentence is harsh and excessive and should have been directed to run concurrently with the sentence he is serving for his underlying crime. We find his argument to be unpersuasive. Defendant received the minimum sentence for a class E felony (see Penal Law § 70.00 [2] [e]; [3] [b]). Moreover, given that he was already serving time on another conviction, County Court was required *808 to impose a consecutive sentence upon conviction of either of the two charges alleged in the indictment, a matter which was resolved by defendant’s plea of guilty to the lesser crime at issue (see Penal Law § 70.25 [2-a]). Accordingly, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Pagan, 304 AD2d 980, 981 [2003], Iv denied 100 NY2d 564 [2003]).
Cardona, EJ., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.