Lahtinen, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 24, 2007, *1050 convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant contends that it was reversible error not to conduct a hearing regarding his motion challenging, as an illegal search, an X ray of his pelvis at the maximum security prison where he was incarcerated. Based upon anonymous tips from an inmate informant indicating that defendant had secreted a weapon in his rectal cavity, facility personnel conducted a strip search and metal detector search of defendant. When these searches yielded no contraband, the Deputy Superintendent ordered an X-ray examination of defendant’s pelvis, which confirmed the presence of a metal object. Defendant was placed on a one-on-one contraband watch pursuant to Department of Correctional Services (hereinafter DOCS) Directive No. 4910, during which his defecation revealed a sharpened metal blade wrapped in electrical tape.
Defendant was indicted on one count of promoting prison contraband in the first degree. He moved to suppress the sharpened metal blade claiming that it was the result of an illegal search. County Court declined to schedule a requested Mapp hearing, but directed a Darden hearing. However, the Darden hearing did not go forward because DOCS would not produce the confidential inmate informant. After requesting and considering briefs from the parties regarding the legal issue, County Court denied defendant’s motion to suppress, holding that facility personnel had acted appropriately in taking the X ray that revealed the metal object, and there was a sufficient ground for the one-on-one watch. Defendant then pleaded guilty to attempted promoting prison contraband in the first degree. He received a prison term of IV2 to 3 years, consecutive to the term he was serving. Defendant now appeals and we affirm.
While an inmate does not forfeit all constitutional rights at the prison door, many of those rights—including 4th Amendment protections—are tempered by the fact of incarceration and the importance of maintaining the security and safety of the facility (see Hudson v Palmer, 468 US 517, 527-530 [1984]; Bell v Wolfish, 441 US 520, 559-560 [1979]; People v Mendoza, 50 AD3d 478, 479 [2008]; People v Frye, 144 AD2d 714, 714 [1988], lv denied 73 NY2d 891 [1989]). For example, 4th Amendment protections apply to strip and body cavity searches in prison, but the test as to such searches is one of “reasonableness” in which the need for the search is balanced against the invasion of personal rights by “ ‘considering] the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is *1051 conducted’ ” (People v Pagan, 304 AD2d 980, 981 [2003], lv denied 100 NY2d 564 [2003], quoting Bell v Wolfish, 441 US at 559). Similarly, the test of reasonableness applies to X-ray searches of inmates and “[a] reasonable suspicion that an inmate is secreting contraband supports an involuntary x-ray search” (Sanchez v Pereira-Castillo, 573 F Supp 2d 474, 485 [D PR 2008]; see People v Pifer, 216 Cal App 3d 956, 961-962, 265 Cal Rptr 237, 240 [1989], cert denied 498 US 938 [1990]).
Here, defendant is serving a sentence for murder and was incarcerated at a maximum security prison comprised primarily of special housing units for inmates serving disciplinary dispositions (see DOCS Directive No. 0088). The acute security dangers implicated, including the “all too common” practice of inmates concealing weapons in body cavities, are readily apparent (Bell v Wolfish, 441 US at 559). Two tips were received from another inmate at the facility, with the second tip reportedly being more specific, providing information that defendant had concealed a weapon in his rectal cavity. There was no indication that defendant had been subjected to repeated X rays (see People v Pifer, 216 Cal App 3d at 961-962, 265 Cal Rptr at 240). In light of all the circumstances, the X ray did not violate the reasonableness test and, moreover, to the extent that defendant is separately asserting the one-on-one contraband watch constituted an unlawful search, we need only observe that the X-ray result afforded ample reasonable suspicion for such watch. We are unpersuaded that County Court erred in denying defendant’s suppression motion without a hearing (see CPL 710.60 [3]; People v Long, 36 AD3d 132, 133 [2006], affd 8 NY3d 1014 [2007]; People v Pagan, 304 AD2d at 980).
Cardona, P.J., Mercure, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.