■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARENCE GLAZE, Appellant. [680 NYS2d 381] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after trial of robbery in the first degree (Penal Law § 160.15 [2]) and related crimes, which allegedly occurred at approximately 1:15 A.M. on November 2, 1996 on Alexander Street in downtown Rochester. He was apprehended approximately one mile from the crime scene in a U-Haul truck that fit the description of the truck used in the crime, which occurred 40 minutes earlier. Defendant was thereafter identified by the victim at a showup.

County Court properly denied defendant's motion to suppress the identification as the fruit of an illegal seizure. We

reject defendant's contention that the stop was made by the police without reasonable suspicion. When the police stop a motor vehicle because it fits the description of one used in a crime, the closer the stop in time to the commission of the crime and in distance to the location of the crime, the less important the detail of the description (see, Kamins, New York Search & Seizure ch 5 [A] [4] [b] [2], at 329 [1998]). The stop here was made in downtown Rochester at an early morning hour when there is little motor vehicle traffic. "This is recognized as a significant factor justifying a stop upon much less comprehensive information than would be adequate were the stop at midday" (People v Johnson, 102 AD2d 616, 622-623, lv denied 63 NY2d 776). While the police knew nothing about the occupants of the U-Haul truck before they stopped it, the presence of that type of U-Haul truck on the streets of downtown Rochester during the early morning hours in proximity to the location of the crime and close in time to the commission of the crime gave the police "a particularized and objective basis" (United States v Cortez, 449 US 411, 417) for suspecting that the occupants of the truck "had been * * * engaged in conduct in violation of law" (People v Sobotker, 43 NY2d 559, 563).

Defendant's contention that the court's identification instruction was erroneous is not preserved for our review, and we decline to exercise our power to address it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Smith, J.—Robbery, 1st Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.