■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS L. BROOKS, Appellant. [697 NYS2d 804] —Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: Supreme Court erred in denying defendant's motion to suppress statements and physical evidence obtained by the police as the fruits of an illegal stop. The stop of defendant's vehicle was legal only if there existed at least a reasonable suspicion that defendant and his companions had committed a crime (see, People v Spencer, 84 NY2d 749, 753, cert denied 516 US 905; People v Cantor, 36 NY2d 106, 112-113). "A police officer's suspicion may be characterized as reasonable when it is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion'" (People v Hoglen, 162 AD2d 1036, 1037, lv dismissed 76 NY2d 987, quoting Terry v Ohio, 392 US 1, 21). The facts in the instant case do not support a reasonable suspicion of criminal activity justifying the stop of defendant's vehicle. The officer who made the stop received the report of an eyewitness that three black males had committed a robbery at a warehouse at approximately 2:30 P.M. and had driven away from the scene in a light green, four door, midsize, late model 1993 or 1994 Ford. The report also included the New York license number of the vehicle and a description of the clothing worn by the robbers. Approximately 30 to 35 minutes after the robbery, and within a mile of the warehouse, the officer observed defendant's vehicle, a light green Chevrolet Corsica occupied by three black males, driving toward the scene of the robbery. Prior to the stop, the officer noticed that the vehicle contained three black males and was the same in color and similar in size and shape to the getaway car. He did not know whether the vehicle was a Ford, and he did not check the license number. With respect to the clothing worn by the men in the vehicle, the officer observed only that at least one wore a dark baseball cap, which was not reported as part of the description of the robbers. Thus, the officer forcibly stopped defendant's vehicle and approached the occupants with his weapon drawn based entirely upon information that a robbery had been committed by three black males in a green automobile. Such sparse and general information does not support a reasonable suspicion that defendant and his companions committed the robbery (see, People v Brown, 215 AD2d 333; People v Choy, 173 AD2d 883). Nor does

the officer's observation of the vehicle close to the warehouse within approximately half an hour of the robbery justify the police intrusion. Defendant was stopped while driving a nondistinctive passenger car on a busy city street in the middle of the afternoon (*cf., People v Glaze,* 255 AD2d 932, *lv denied* 93 NY2d 853; *People v Johnson,* 102 AD2d 616, 622-623, *lv denied* 63 NY2d 776). Moreover, defendant was not driving in the direction of a likely escape route but toward the crime scene (*cf., People v Willsey,* 198 AD2d 911, *lv denied* 83 NY2d 812; *People v Johnson, supra,* at 623-624). In sum, therefore, the facts available to the officer did not support a reasonable suspicion that defendant and his companions committed the robbery under investigation. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Green, Pine, Scudder and Callahan, JJ.