■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL FAMILIA, Appellant. [710 NYS2d 821] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered October 22, 1997, convicting defendant, after a nonjury trial, of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 8⅓ to 25 years and 1 year, respectively, unanimously affirmed.

The record establishes that defendant personally signed a written jury trial waiver in open court, in the presence of and with the approval of the court. His claim that the waiver was invalid because, notwithstanding the assistance of an interpreter, the form was not printed in a language defendant could understand goes to the procedure employed in approving the waiver and, as such, requires preservation (*People v Johnson*, 51 NY2d 986; *People v Tamarez*, 213 AD2d 261, 262, *lv denied* 85 NY2d 981). We decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find it to be without merit. Although a jury waiver must be a signed writing (NY Const, art I, § 2; CPL 320.10 [2]), neither

the Constitution nor the statute specifies that the written waiver be in a defendant's native language, and the requirement of a writing was satisfied when defendant actually signed a written instrument that had been translated for his benefit. The record establishes that defendant made his decision to forego a jury trial after the written waiver was translated for him by the official court interpreter, who was duty-bound to translate the document verbatim. Furthermore, the record establishes that defendant, with the assistance of the interpreter, had a conference with counsel and a colloquy with the court, which sufficiently informed him of the nature and consequences of his decision.

We perceive no abuse of sentencing discretion. Concur—Tom, J. P., Wallach, Rubin, Saxe and Buckley, JJ.