■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HEYWARD, Appellant. [756 NYS2d 621] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered September 25, 2000, convicting him of criminal sale of a controlled substance in or near school grounds, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Silverman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted based upon evidence that he sold cocaine to an undercover police officer for $20 during a so-called "buy-and-bust" operation. Within minutes of the sale, the defendant was seen by a second undercover officer, known as the "ghost" officer, entering a livery cab with an unidentified woman and leaving the scene of the crime. The ghost officer transmitted a description of the livery cab and its location to the field team. Within seconds, the field team responded to the scene and observed the livery cab just pulling away. The livery cab was stopped shortly thereafter and the defendant was detained and searched. The arresting officer discovered a prerecorded $20 bill on the defendant's person. The defendant was placed under arrest after being identified by the two

undercover police officers. He was subsequently charged, inter alia, with the crime of the criminal sale of a controlled substance in or near school grounds.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered upon his arrest. The police had reasonable suspicion to pursue, stop, and detain the livery cab in which the defendant was a passenger based upon the contents of the transmission, the short passage of time between the ghost officer's transmission and the observation of the livery cab by the field team, the absence of any other vehicles in the vicinity, and the close proximity of the livery cab to the scene of the crime (*see People v Sharpe,* 259 AD2d 639 [1999]; *People v Glaze,* 255 AD2d 932, 933 [1998]; *People v Finlayson,* 76 AD2d 670, 677 [1980], *lv denied* 51 NY2d 1011 [1980], *cert denied* 450 US 931 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Krausman, J.P., Adams, Townes and Crane, JJ., concur.