[850 NE2d 622, 817 NYS2d 575]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SMITH, Appellant.

Decided March 30, 2006

APPEARANCES OF COUNSEL

*Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP*, Buffalo (*Paul J. Cambria, Jr.*, and *Roger W. Wilcox, Jr.*, of counsel), for appellant.

*David W. Foley, District Attorney*, Mayville (*Tracey A. Brunecz* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

█ After a bench trial, defendant was convicted of rape in the first degree and burglary in the second degree. Initially, defendant claims that his waiver of a jury trial did not comport with constitutional and statutory requisites (*see* NY Const, art I, § 2; CPL 320.10 [2]). The record indicates that defendant executed a written waiver of a jury trial in open court which was approved by the trial judge. The circumstances surrounding the waiver, moreover, support the conclusion that it was knowing, intelligent and voluntary.

█ Next, defendant asserts that his waiver was ineffective since the trial judge did not inquire as to his understanding regarding the waiver of a jury trial. The record reflects, however, that in defendant's presence the trial court inquired of defendant's counsel concerning his client's understanding of the rights waived. Although an allocution by the trial judge eliciting defendant's full understanding of the importance of the right being waived would have been better practice, no particular catechism is required to establish the validity of a jury trial waiver. The inquiry here, though minimal, was sufficient to establish that defendant understood the ramifications of such waiver (*see People v Page*, 88 NY2d 1 [1996]).

█ Finally, defendant contends that there was legally insufficient evidence from which the trier of fact could find him guilty of rape in the first degree (Penal Law § 130.35 [2]) and burglary in the second degree (Penal Law § 140.25 [2]). A "verdict is supported by sufficient evidence . . . [when] there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion . . . [which] as a matter of law satisf[ies] the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's assertions, and viewing the evidence in the light most favorable to the People, as we

must (*see People v Contes*, 60 NY2d 620, 621 [1983]), a rational person could conclude that the trial evidence was legally sufficient to support his conviction. The testimony of the victim, which was corroborated by other witnesses and by defendant himself, in conjunction with the forensic evidence, permitted the finding of defendant's guilt of both crimes.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.