THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN D. TAYLOR, Appellant. [817 NYS2d 816]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered October 16, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, that part of the motion seeking to suppress physical evidence is granted, the indictment is dismissed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), defendant contends that Supreme Court should have suppressed the gun seized by the police because they lacked reasonable suspicion to stop the vehicle in which he was a passenger. We agree. According to the testimony at the suppression hearing, a radio transmission at 10:30 P.M. reported that "two male blacks," possibly known as "Bud and Malley," had committed an armed robbery in the area

of Conkey Avenue and were observed leaving the scene in a "light blue Ford Contour." Approximately 2½ hours later, two police officers observed a light blue Mercury Mystique containing two occupants at the intersection of Clifford Avenue and Conkey Avenue. Although the officers were unable to discern the race of the occupants, they nevertheless attempted to stop the vehicle based on the similarity between a Mercury Mystique and a Ford Contour. The stated purpose of the stop was "[t]o identify the occupants of the vehicle, [and] ask them if they had possibly known anything about th[e] armed robbery." Defendant fled after the vehicle was stopped and, during the police pursuit, he dropped a loaded and operable gun.

It is well settled that the police may stop a vehicle based upon a "reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (*People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]). "A police officer's suspicion may be characterized as reasonable when it is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion' " (*People v Hoglen*, 162 AD2d 1036, 1037 [1990], *lv dismissed* 76 NY2d 987 [1990], quoting *Terry v Ohio*, 392 US 1, 21 [1968]; *see People v Brooks*, 266 AD2d 864 [1999]). Here, the facts known to the police, along with any rational inferences to be drawn therefrom, were insufficient to establish reasonable suspicion that the driver or occupants of the vehicle had committed the robbery (*see Brooks*, 266 AD2d 864 [1999]; *cf. People v Glaze*, 255 AD2d 932 [1998], *lv denied* 93 NY2d 853 [1999]). Indeed, the stated purpose of the stop was to "identify the occupants of the vehicle" and to "ask them if they had possibly known anything" about the robbery, and we thus conclude that the stop was not based on the requisite reasonable suspicion (*see generally Spencer*, 84 NY2d at 752-755; *People v Washburn*, 309 AD2d 1270 [2003]). The gun that was seized therefore must be suppressed as the fruit of an unlawful stop (*see Brooks*, 266 AD2d 864 [1999]; *People v Nicodemus*, 247 AD2d 833, 835-836 [1998], *lv denied* 92 NY2d 858 [1998]).

Based on our determination, we need not reach defendant's remaining contentions. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.