■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SAMUELS, Appellant. [829 NYS2d 531]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered March 2, 2005, convicting defendant, after a nonjury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, affirmed.

Defendant's general objection, through counsel, that he was "objecting to the entire proceeding" was insufficient to preserve the specific challenges he now raises regarding the validity of his waiver of jury trial (*see People v Balls*, 69 NY2d 641 [1986]). In any event, defendant's record-based claims are without merit. Defendant knowingly and voluntarily executed a valid waiver of his right to a jury trial. Defendant, who had discussed the waiver with counsel and was familiar with criminal proceedings, stated unequivocally—as did his attorney—that he wanted a nonjury trial, and the record "was sufficient to establish that defendant understood the ramifications of such waiver" (*People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US —, 126 S Ct 2971 [2006]). The record of the jury waiver proceeding, viewed as a whole, also establishes that when defendant placed an "X" mark on the waiver form, he did so "with intent to execute or authenticate such instrument or writing" (General Construction Law § 46). In addition, there is no support for a record-based claim that counsel provided ineffective assistance in connection with the jury waiver.

The court was not obligated to order a CPL article 730 examination, since nothing in the record cast doubt on defendant's ability to understand the proceedings against him and assist in his defense (*see e.g. People v Snyder*, 29 AD3d 310 [2006], *lv denied* 7 NY3d 818 [2006]).

We perceive no basis for reducing the sentence. Concur—
Tom, J.P., Saxe, Marlow and Malone, JJ.

McGuire, J., concurs in a separate memorandum as follows:
With respect to defendant's challenge to the validity of the
waiver of his right to a jury trial, the majority concludes that
his "record-based claims are without merit." I cannot agree
with this conclusion and, accordingly, write separately to explain
why I believe the judgment should be affirmed nonetheless.

After a *Sandoval* hearing, defendant stated that he wanted a
"judge trial." The following colloquy then ensued:

"THE COURT: You want me to try this case?

"DEFENDANT: Yes.

"THE COURT: Let's get this on the record. We'll get him to sign
a waiver.

"DEFENSE COUNSEL: No problem."

A problem, however, did ensue. Specifically, the court and
defense counsel then discussed defendant's belief that a sup-
pression hearing or hearings would be held prior to trial. When
the court and defense counsel made clear that no such hearings
would be held, the following colloquy ensued:

"DEFENSE COUNSEL: My client is refusing to sign the waiver of
the jury trial.

"THE COURT: I thought he wanted a bench trial.

"DEFENSE COUNSEL: He wants a bench trial, but, unfortunately,
he is still under the impression that he is entitled to various
hearings before trial. He is also demanding, now saying photos
were shown to the witnesses earlier. He wanted a lineup
conducted in which he was the subject or target.

"One thing I was considering doing before Judge Berkman,
was to order a 730 examination for my client. I'm not sure if he
understands exactly what I have attempted to do.

"THE COURT: I got the impression he knows exactly what he is
doing. He expressed his opinion here quite vigorously and with
great clarity. And I detect no sort of incapacity on his part or
otherwise.

"DEFENSE COUNSEL: Your Honor, my client has put an X on
the line, where it says the defendant's signature. He also wants
me to put on the record that he is objecting to the entire
proceeding.

"THE COURT: I understand that. So, far as you are concerned,
he has given written consent to a bench trial?

"DEFENSE COUNSEL: Yes, your Honor.

"THE COURT: Then that suffices. You saw him execute that
signature?

"DEFENSE COUNSEL: Yes.

"THE COURT: Then I am prepared to accede to his wishes and proceed without a jury and do a bench trial. Failing that, we would have to proceed with a jury in the absence of his signature or his consent. It appears he has consented to a bench trial, and he has now signed a waiver. So that suffices. We'll start the bench trial right now. You may make an opening statement."

A bench trial then began. Prior to its commencement, the court made no inquiry of defendant concerning either what he meant in placing an "X" on the jury waiver or about the ostensible waiver generally. Defendant's principal contention on this appeal is that he did not sign the waiver of his right to a jury trial. As is evident, the trial court interpreted the "X" that defendant placed on the signature line as defendant's signature. The majority agrees, and concludes that the record "establishes" that in placing the "X" on the document, defendant "did so 'with intent to execute or authenticate such instrument or writing' (General Construction Law § 46)."

That is one possible interpretation of the significance of the "X". Just moments before, however, defense counsel reported that defendant was "refusing to sign the waiver of the jury trial." And immediately after noting that defendant "has placed" an "X" on the document, defense counsel reported that defendant "also wants me to put on the record that he is objecting to the entire proceeding." These record-based facts, even putting aside the absence of any reason to believe that defendant is illiterate, cannot readily be seen as supporting the majority's conclusion. Particularly if, as may be the case, defendant placed the "X" on the document contemporaneously with asking his counsel to object to the "entire proceeding," it would be, to say the least, far from obvious that defendant was manifesting his assent to a bench trial when he placed the "X" on the waiver.

In my judgment, the meaning of the "X" is a matter that we should not and need not resolve. Far from protesting that defendant had not signed the jury waiver, defense counsel's stated position was that defendant had signed it by placing an "X" on the signature line and had given his written consent to a bench trial. Accordingly, defendant's contention that he did not knowingly and intelligently execute a written waiver of his right to a jury trial is not preserved for review (CPL 470.05 [2]; *see People v Johnson*, 51 NY2d 986, 987 [1980] [holding that "(t)he issue raised with respect to the procedure followed in approving the appellant's waiver of jury trial was not preserved for review"]). Moreover, the record on appeal is not adequate to permit review

of this contention. In this respect, too, *People v Johnson* is on point. The record on direct appeal, the Court observed, did not "afford a basis for determin[ing]" the issue of whether defendant's "participation in the [jury] waiver was . . . knowing and voluntary" (*id.* at 987-988). Rather, defendant's claim "implicates his relationship with his trial attorney and is to be proved, if at all, by facts outside the trial record in a proceeding maintainable under CPL 440.10" (*id.* at 988). For the same reason, the current record is not adequate to permit review of defendant's related contention that he was denied his right to the effective assistance of counsel on account of counsel assertedly acting against his wishes in connection with the jury waiver (*see People v Brown*, 45 NY2d 852 [1978]). In reaching the merits of the first and perhaps both of these contentions,* the majority errs and unnecessarily complicates, if not prejudices, the outcome of any CPL 440.10 motion defendant may make (*see* CPL 440.10 [2]). I do agree, however, both that Supreme Court was not required to order a competency examination and that there is no basis for reducing the sentence.

---

* With respect to the latter contention, the majority ambiguously writes only that "there is no support for a record-based claim that counsel provided ineffective assistance in connection with the jury waiver."