THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN D. BLACK, Appellant. [851 NYS2d 757]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered February 15, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the third degree (Penal Law former § 265.02 [4]). Defendant contends that County Court erred in refusing to suppress the gun seized by the police from the taxicab in which defendant was a passenger. We reject that contention. Police officers testified at the suppression hearing that they responded to a specified intersection based upon a 911 call that a man with a gun was located there. Upon their arrival, the officers encountered two victims who stated that they had been robbed, and the victims provided detailed descriptions of the perpetrators. One of the victims suggested that the perpetrators might be in a taxicab located less than a block away. The officers then stopped the taxicab and removed defendant and another suspect from

the vehicle. In addition, the officers recovered the gun from the vehicle. "It is well settled that the police may stop a vehicle based upon a 'reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' " (*People v Taylor*, 31 AD3d 1141, 1142 [2006], quoting *People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]). We reject the People's contention that defendant had no right to contest the legality of the stop of the vehicle, inasmuch as he was a passenger therein (*see People v Millan*, 69 NY2d 514, 516 [1987]; *People v Nicodemus*, 247 AD2d 833, 836 [1998], *lv denied* 92 NY2d 858 [1998]), but we nevertheless conclude that the police had the requisite reasonable suspicion to stop the vehicle "based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant[ed the stop]" (*People v Brooks*, 266 AD2d 864, 864 [1999] [internal quotation marks omitted]). Here, the stop occurred in the early morning hours during a rainstorm in an area with little activity, and the police observed the taxicab less than a block from the crime scene, within 10 to 15 minutes after the commission of the crime (*see People v Van Every*, 1 AD3d 977, 978-979 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Glaze*, 255 AD2d 932 [1998], *lv denied* 93 NY2d 853 [1999]; *People v Willsey*, 198 AD2d 911 [1993], *lv denied* 83 NY2d 812 [1994]; *cf. Brooks*, 266 AD2d 864 [1999]; *Nicodemus*, 247 AD2d at 835). Finally, the sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.