■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RACIEL DEARMAS, Appellant. [851 NYS2d 805]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered November 16, 2004. The judgment convicted defendant, after a nonjury trial, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of robbery in the second degree (Penal Law § 160.10 [2] [b]) in connection with a bank robbery. Contrary to the contention of defendant, Supreme Court properly refused to suppress the evidence obtained as the result of the stop of his vehicle inasmuch as the police had reasonable suspicion to believe that he may have been involved in the robbery that had occurred two days prior to the stop (*see generally People v Glaze*, 255 AD2d 932 [1998], *lv denied* 93 NY2d 853 [1999]). Two witnesses gave a detailed description of the vehicle that the police believed was used in connection with the robbery, i.e., an early 1980's Mercedes Benz four-door sedan, dark brown or maroon in color, with out-of-state license plates. Defendant was stopped by the police while driving a dark maroon 1979 Mercedes Benz with Tennessee license plates. We conclude that the distinctive nature of the vehicle is a " 'significant factor' " that provided the police with reasonable suspicion that defendant may have been involved in the robbery (*id.* at 933; *cf. People v Taylor*, 31 AD3d 1141, 1142 [2006]; *People v Brooks*, 266 AD2d 864 [1999]; *see generally People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]).

Defendant further contends that, because the record does not reflect that a court interpreter was present when he waived his right to a jury trial, the record fails to establish that his waiver of that right was knowing, voluntary and intelligent. We reject

that contention (*see generally People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US —, 126 S Ct 2971 [2006]). Initially, we note that defendant does not contend that he did not understand the proceedings (*cf. People v Familia*, 273 AD2d 49 [2000], *lv denied* 95 NY2d 889 [2000]; *United States ex rel. Negron v State of New York*, 434 F2d 386, 388-389 [1970]), and the record establishes that defendant understood and spoke the English language but preferred to communicate in Spanish (*cf. Negron*, 434 F2d at 388). Further, defense counsel advised the court that defendant decided to waive his right to a jury trial, and defendant responded appropriately when questioned by the court with respect to his decision to waive that right. We therefore conclude that "[t]he circumstances surrounding the waiver . . . support the conclusion that it was knowing, intelligent and voluntary" (*Smith*, 6 NY3d at 828).

Viewing the evidence in the light most favorable to the People, we conclude that the evidence is legally sufficient to support the conviction, and we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The record establishes that a DNA sample obtained from a hair recovered from a mask found near the crime scene was compared to a DNA sample provided by defendant. Although defendant was not identified as the masked person who robbed the bank, the People's expert testified that the chance that the DNA sample recovered from the mask was from a person other than defendant was one in 12.2 trillion. Although the expert was unable to identify the error rate of the enzyme used to conduct the DNA analysis, we conclude that the court did not fail to give the evidence the weight it should be accorded (*see generally id.*). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.