■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FLOOD, Appellant. [881 NYS2d 359]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 28, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE MORROW, Appellant. [883 NYS2d 410]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered September 14, 2007. The judgment convicted defendant, upon her plea of guilty, of criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]), defendant contends that County Court erred in refusing to suppress evidence seized from a van in which she was a passenger inasmuch as the police lacked the requisite reasonable suspicion to stop the van. We reject that contention (*see generally People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]). The testimony at the suppression hearing established that the van matched the description of the vehicle involved in a larceny, and the van was stopped shortly after the commission of the crime, within a few miles of the scene of the crime. Under those circumstances, the stop of the van was supported by reasonable suspicion that its occupants had committed the larceny (*see People v Van Every*, 1 AD3d 977, 978-979 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Hoffman*, 283 AD2d 928, 928-929 [2001], *lv denied* 96 NY2d 919 [2001]; *cf. People v Taylor*, 31 AD3d 1141, 1142 [2006]; *People v Brooks*, 266 AD2d 864 [1999]). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.