People v Lopez (2019 NY Slip Op 04869)





People v Lopez


2019 NY Slip Op 04869


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9633 4798/16

[*1]The People of the State of New York, Respondent,
v
Anthony Lopez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered July 11, 2017, convicting defendant, after a nonjury trial, of criminal trespass in the second degree, and sentencing him to a term of one year, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Although defendant asserts that the People's case was based entirely on hearsay, that is, grand jury minutes, those minutes were received in evidence by stipulation. The evidence established defendant made a knowingly unlawful entry into the victims' apartment, by means of force and threats of violence.
Defendant did not preserve his claim that the court erred in failing to announce that it would be considering the lesser included offense of second-degree trespass (see People v Jackson, 166 AD2d 356 [1st Dept 1990], lv denied 77 NY2d 839 [1991]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant was not prejudiced in any way.
Defendant's challenge to the validity of his duly executed, open-court jury waiver is likewise unpreserved (see People v Johnson, 51 NY2d 986, 987 [1980]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant made a knowing, intelligent and voluntary waiver after an extensive and appropriate colloquy (see People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]). Defendant asserts that because the only evidence consisted of grand jury minutes received by stipulation, and because there were no opening statements or summations, his trial was "bizarre" and "unrecognizable," so that these unusual features should have been addressed by the court in its jury waiver colloquy. However, this type of trial was permissible (see People v Williams, 161 AD2d 295 [1st Dept 1990]), and it did not require the court to make a special inquiry of defendant (see People v Mills, 103 AD2d 379 [2d Dept 1984]).
Finally, we note that, according to defendant, a fair reading of the record is that the court and parties had agreed in advance of the nonjury trial that a misdemeanor conviction would be [*2]appropriate. Even assuming that to be the case, there is every indication that defendant, a second felony offender ineligible for a misdemeanor plea, welcomed the opportunity to obtain a misdemeanor conviction by way of this abbreviated trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK