People v Villa (2019 NY Slip Op 05488)





People v Villa


2019 NY Slip Op 05488


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Gesmer, Kern, JJ.


9831 3376/11

[*1]The People of the State of New York, Respondent,
v
Guillermo Villa, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Mandy E. Jaramillo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered April 23, 2014, convicting defendant, after a nonjury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the court's credibility determinations. The testimony of the sole eyewitness was sufficient to support a finding of guilt beyond a reasonable doubt (see People v Calabria, 3 NY3d 80 [2004]). Although there were inconsistencies between the eyewitness's testimony and her out-of-court statements, and between her testimony and that of police witnesses, she never equivocated about her core testimony identifying defendant as the person who shot the victim. She consistently testified that her attention was drawn to the shooter because of the color of his shirt, and that she had an opportunity to "stare at his face" as they walked by each other. She identified defendant in a photo array 10 days after the shooting, and in a lineup the following day, and testified that she immediately recognized him in the lineup and had no doubt about it.
Defendant did not preserve his challenges to the validity of his waivers of his right to a jury trial and his right to testify, and we decline to review them in the interest of justice. As an alternative holding, we find nothing in the existing record to cast doubt on either of these waivers, or to suggest that further inquiry by the court was necessary in either instance (see People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]; People v Christian, 244 AD2d 297 [1st Dept 1997], lv denied 91 NY2d 890 [1998]).
The court properly denied defendant's suppression motion. An examination of the photo array reveals that defendant and the other participants were similar in appearance, and the discrepancy in skin tone was not so noticeable as to create a substantial likelihood that defendant would be singled out for identification (see e.g. People v Muhammad, 168 AD3d 549 [1st Dept 2019]). As for defendant's procedural objections to the suppression ruling, the defense consented to the inconsequential presentation of some trial testimony before determination of the suppression motion, and despite the hearing court's noncompliance with CPL 710.60(6), this Court has an adequate record on which to make its own findings and conclusions (see People v Rodriguez, 258 AD2d 299, 299 [1st Dept 1999], lv denied 93 NY2d 902 [1999]).
Although the prosecutor's summation mischaracterized the evidence in two isolated respects, these remarks were not so egregious as to have deprived defendant of a fair trial (see People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]), particularly in a nonjury trial (see generally People v Moreno, 70 NY2d 403, 405-406 [1987]).
Defendant's ineffective assistance of counsel claims relating to trial counsel's failure to raise various above-discussed issues are unreviewable on direct appeal because they involve [*2]matters not reflected in the record, particularly with regard to consultations between defendant and counsel (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v
Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK