People v Clark (2021 NY Slip Op 00975)





People v Clark


2021 NY Slip Op 00975


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1176 KA 18-02378

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD CLARK, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 12, 2018. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We affirm.
Defendant contends that County Court erred in refusing to suppress evidence and statements obtained when the police stopped his vehicle and searched him. At the outset, as the People correctly concede, we conclude that defendant did not validly waive his right to appeal and therefore we are not precluded from reviewing his challenge to the suppression ruling (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US — , 140 S Ct 2634 [2020]; People v Mitchell, 185 AD3d 1410, 1410-1411 [4th Dept 2020]). We note that the better practice with respect to a waiver of the right to appeal is for the court "to use the Model Colloquy, which neatly synthesizes . . . the governing principles" (People v Williams, 186 AD3d 1112, 1113 [4th Dept 2020] [internal quotation marks omitted]; see NY Model Colloquies, Waiver of Right to Appeal).
We nevertheless conclude that the court did not err in refusing to suppress the evidence and statements obtained as a result of the challenged vehicle stop because the stop was based on reasonable suspicion that the driver of the vehicle had been involved in criminal activity (see generally People v Hinshaw, 35 NY3d 427, 431 [2020]; People v Hollman, 79 NY2d 181, 185 [1992]; People v Black, 48 AD3d 1154, 1155 [4th Dept 2008], lv denied 10 NY3d 859 [2008]). The evidence at the suppression hearing established that a police officer responded to a 911 call broadcast over the radio, reporting that a man had been seen brandishing a gun at a woman near the officer's location. The caller specifically described the gunman's vehicle, the driver and his clothing, the license plate number of the vehicle, its general direction of travel, and the location of the crime.
Within minutes of receiving that radio broadcast, the police officer saw a vehicle, license plate, and driver—i.e., defendant—that matched the description provided by the 911 caller. We conclude that the officer had reasonable suspicion that defendant had been involved in criminal activity "based on the totality of the circumstances, including a radio transmission providing a general description of the perpetrator[ ] of [the] crime . . . [,] the . . . proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the [officer's] observation of the defendant, who matched the radio-transmitted description" (People v Moss, 89 AD3d 1526, 1527 [4th Dept [*2]2011], lv denied 18 NY3d 885 [2012] [internal quotation marks omitted]; see People v Pruitt, 158 AD3d 1138, 1139 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]).
Even assuming, arguendo, that defendant's contention that he was deprived of effective assistance of counsel survives the guilty plea (see People v Glowacki, 159 AD3d 1585, 1586 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]; People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]), we reject that contention. Specifically, defendant argues that defense counsel was ineffective for failing to pursue a line of defense regarding the operability of the gun recovered from defendant. However, because there is evidence in the record supporting the conclusion that the gun was operable (see People v Habeeb, 177 AD3d 1271, 1273 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]; People v Solomon, 78 AD3d 1426, 1428 [3d Dept 2010], lv denied 16 NY3d 899 [2011]; People v Velez, 278 AD2d 53, 53 [1st Dept 2000], lv denied 96 NY2d 808 [2001]), defendant failed to demonstrate that defense counsel's decision to forego that line of defense was not strategic (see generally People v Benevento, 91 NY2d 708, 712 [1998]). In addition, we conclude that defense counsel was not ineffective in light of the favorable plea deal he obtained for defendant inasmuch as, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018] [internal quotation marks omitted]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court