People v Saladeen (2021 NY Slip Op 02760)





People v Saladeen


2021 NY Slip Op 02760


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Ind No. 3019/18 Appeal No. 13738 Case No. 2019-04871 

[*1]The People of the State of New York, Respondent,
v
Elijah Saladeen, Defendant-Appellant.


Rae Downes Koshetz, New York, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered November 12, 2019, convicting defendant, after a nonjury trial, of assault in the third degree, attempted assault in the third degree and offering a false instrument for filing in the first degree (three counts), and sentencing him to an aggregate term of 9 months, unanimously modified, on the facts, to the extent of vacating the offering a false instrument conviction under the fourth count of the indictment, and dismissing that count, and otherwise affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
Except as indicated, the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the court's finding that defendant, an experienced police officer, lacked a reasonable ground to believe that it was necessary to punch the victim repeatedly to prevent the victim from biting him, both when the victim was rear-cuffed and lying face down on the floor of an apartment building lobby and being effectively restrained by defendant and another officer, and after defendant subsequently brought the victim to the building's rear stairwell without seeking the assistance of any of the other officers present (see Penal Law §§ 35.05[1], 35.15[1], 35.30[1][a]). The evidence also supports the conclusion that all of defendant's punches were unjustified, and also supports the alternative conclusion that even if the initial punch were justified, the subsequent punches were unjustified, and these punches caused additional injury (see People v Spencer, 161 AD3d 483 [1st Dept 2018], lv denied 31 NY3d 1153 [2018]).
The evidence also established that defendant intentionally caused concededly false statements or information to be written on officially filed forms, with one exception. The conviction under count four, offering a false instrument for filing in the first degree, based on an Investigating Supervisor's Report, was against the weight of the evidence. It is undisputed that defendant did not prepare, review, or file this report, and the evidence did not support a reasonable inference that he knew that his oral statements to his commanding officer would be memorialized in the report. Such an inference was not raised by the mere seriousness of the subject matter, or defendant's involvement in the filing of other reports concerning the same incident.
Defendant's challenge to the validity of his duly executed, open-court jury waiver requires preservation (see People v Johnson, 51 NY2d 986, 987 [1980]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that defendant's waiver of his right to a jury trial was knowing, intelligent, and voluntary (see generally People v Smith, 6 NY3d 827 [2006], cert denied 548 US 905 [2006]).
The court correctly precluded defendant from introducing the victim's prior violent acts for [*2]the purpose of proving his violent propensity in connection with defendant's justification defense. Because these acts were unknown to defendant, they were irrelevant to his state of mind at the time of the incident, and they were not admissible to prove that the victim acted in a manner that was similar to his past behavior (see People v Miller, 39 NY2d 543, 549 [1976]). To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Maffei, 35 NY3d 264, 269-70 [2020]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021