People v Black (2021 NY Slip Op 06183)





People v Black


2021 NY Slip Op 06183


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2017-03470
 (Ind. No. 2448/12)

[*1]The People of the State of New York, respondent,
v
Ronald Black, appellant.


Patricia Pazner, New York, NY (Kathleen E. Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Craig Marinaro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered March 17, 2017, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant failed to preserve for appellate review his contention that his waiver of the right to a jury trial was inadequate (see CPL 470.05[2]; People v Williams, 149 AD3d 986; People v Pazmini, 132 AD3d 1015). Nevertheless, we reach the issue in the exercise of our interest of justice jurisdiction and conclude, under the facts presented, that the defendant did not knowingly, voluntarily, and intelligently waive his right to a jury trial.
A defendant's waiver of the right to a jury trial is governed by CPL 320.10, which provides, in relevant part, that a defendant "may at any time before trial waive a jury trial and consent to a trial without a jury in the superior court in which the indictment is pending. . . . Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court" (CPL 320.10[1], [2]). In addition, the record as a whole must also reflect that "[t]he circumstances surrounding the waiver . . . support the conclusion that it was knowing, intelligent and voluntary" (People v Smith, 6 NY3d 827, 828). While the trial judge eliciting the defendant's "full understanding of the importance of the right being waived" (id. at 828) is considered good practice, "no particular catechism is required to establish the validity of a jury trial waiver" (id.).
Here, at the time of the purported jury waiver, the 76-year-old defendant—who had no prior contact with the criminal justice system other than a disorderly conduct violation dating back to 1980—had a recent history of paranoid delusional thinking and possible early dementia and was being treated with anti-psychotic medication. The defendant had been examined several times pursuant to CPL article 730 and had repeatedly been found unfit to proceed in the two years immediately following his arrest. Nevertheless, during the very terse oral colloquy that preceded the signing of the written waiver, the Supreme Court did not ask the defendant, for instance, if he was [*2]compliant with his anti-psychotic medication and was able to understand the proceedings. Indeed, the court failed to ask the defendant a single question relating to the waiver. Under these unique facts, we find that the circumstances surrounding the jury waiver do not support the conclusion that it was knowing, intelligent, and voluntary (see People v Smith, 6 NY3d at 828). Therefore, the judgment of conviction must be reversed and a new trial ordered.
In light of our determination, we do not reach the defendant's remaining contention.
CHAMBERS, J.P., MILLER, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court