■ The People of the State of New York, Respondent, v Edward Washburn, Appellant. [765 NYS2d 76] —Appeal from a

judgment of Monroe County Court (Marks, J.), entered December 14, 2001, which convicted defendant upon his plea of guilty of driving while intoxicated as a felony.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, the motion to suppress is granted, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: County Court erred in determining that the police were justified in stopping the motor vehicle driven by defendant to request information. The investigative stop of a motor vehicle "is to be distinguished from the exercise of the common-law right of inquiry of a pedestrian discussed in the majority opinion in *People v De Bour* (40 NY2d 210 [1976]). For the 'common-law power to inquire does not include the right to unlawfully seize' " (*People v Sobotker*, 43 NY2d 559, 563 [1978], quoting *People v Cantor*, 36 NY2d 106, 114 [1975]). The People contend that the stop was justified under *People v Ingle* (36 NY2d 413 [1975]) because it was "not the product of mere whim, caprice, or idle curiosity * * * [but was] based upon 'specific and articulable facts' " (*id.* at 420, quoting *Terry v Ohio*, 392 US 1, 21 [1968]). Since *Ingle*, however, the Court of Appeals has made it "abundantly clear" (*Sobotker*, 43 NY2d at 563) that "police stops of automobiles in this State are legal only pursuant to routine, nonpretextual traffic checks to enforce traffic regulations or when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (*People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]; *see People v May*, 81 NY2d 725, 727 [1992]) or where the police have "probable cause to believe that the driver * * * has committed a traffic violation" (*People v Robinson*, 97 NY2d 341, 349 [2001]).

Here, the People do not contend that this was a routine check to enforce traffic regulations, nor do they rely upon any observed traffic violation prior to the stop, and the court found that the reasonable suspicion standard was not met until events unfolded after the stop. We therefore conclude that defendant's motion to suppress the evidence arising from that stop should have been granted, and, accordingly, we vacate defendant's guilty plea. Moreover, because the granting of that motion results in the suppression of all evidence of the crimes with which defendant was charged, the indictment must be dismissed. Present—Green, J.P., Pine, Wisner and Hayes, JJ.