■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHONDA J. WHITE, Appellant. [812 NYS2d 208]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered July 18, 2005. The judgment convicted defendant, upon her plea of guilty, of felony driving while intoxicated (two counts) and failure to keep right.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to Cattaraugus County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of two counts of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]) and one count of failure to keep right (§ 1120 [a]). Contrary to the contention of defendant, County Court properly determined that the police were justified in stopping the motor vehicle that she was driving and thus properly denied her suppression motion. The police may lawfully stop a vehicle when they have "probable cause to believe that the driver of [a vehicle] has committed a traffic violation" (*People v Robinson*, 97 NY2d 341, 349 [2001]; *see People v Washburn*, 309 AD2d 1270, 1271 [2003]), and they may lawfully stop a vehicle "when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (*People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]). Here, the evidence at the suppression hearing established that the police observed defendant's commission of a traffic violation and in addition had a reasonable suspicion that defendant was committing the crime of driving while intoxicated (*cf. Washburn*, 309 AD2d at 1271). Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.