■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE X. JONES, Appellant. [880 NYS2d 427]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered May 23, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and resisting arrest (§ 205.30). We reject the contention of defendant that County Court erred in refusing to suppress the cocaine found on his person following the arrest. Great deference is to be accorded "the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (*People v Prochilo*, 41 NY2d 759, 761 [1977]), and we see no reason to disturb the court's determination. The evidence presented at the suppression hearing established that the police lawfully stopped the vehicle driven by defendant inasmuch as they had reasonable suspicion to believe that he had just participated in a drug transaction (*see People v Spencer*, 84

NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]; *People v White*, 27 AD3d 1181 [2006]). The subsequent arrest of defendant and the frisk of his person were valid based on the existence of an outstanding warrant for his arrest (*see People v Troiano*, 35 NY2d 476, 478 [1974]; *People v Boone*, 269 AD2d 459 [2000], *lv denied* 95 NY2d 850, 961 [2000]; *see also People v Ebron*, 275 AD2d 490, 491 [2000], *lv denied* 95 NY2d 934 [2000]).

Defendant's challenge to the legality of the warrant is not preserved for our review (*see generally People v Gonzalez*, 55 NY2d 887 [1982]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review the contention in his pro se supplemental brief that the absence of any description of defendant in the radio communication between the police dispatcher and the detective who stopped defendant's vehicle rendered his arrest illegal (*see generally Gonzalez*, 55 NY2d 887 [1982]), and we likewise decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). To the extent that defendant contends in his pro se supplemental brief that defense counsel was ineffective in failing to preserve that contention for our review, we reject that contention (*see generally People v Caban*, 5 NY3d 143, 152 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the sentence is not unduly harsh or severe.

The further contention of defendant in his pro se supplemental brief that he was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]). In any event, we conclude that the challenged comments fall "within the latitude afforded to attorneys in advocating their cause" (*People v Halm*, 81 NY2d 819, 821 [1993]). Finally, the remaining contentions of defendant in his pro se supplemental brief involve matters outside the record on appeal and thus are properly raised by way of a motion pursuant to CPL article 440 (*see generally People v Carlisle*, 50 AD3d 1451 [2008], *lv denied* 10 NY3d 957 [2008]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.