# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

787

KA 13-01844

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                 V                          MEMORANDUM AND ORDER

RONALD EAST, JR., DEFENDANT-APPELLANT.
_____

LOTEMPIO & BROWN, P.C., BUFFALO (MICHAEL H. KOOSHOIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 28, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that the police lacked probable cause to stop his vehicle. It is well settled that a traffic stop is lawful where "a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation" (*People v Robinson*, 97 NY2d 341, 349; *see People v Binion*, 100 AD3d 1514, 1515, *lv denied* 21 NY3d 911). Here, the police had probable cause to stop defendant's vehicle because one of the officers observed him driving a motor vehicle and holding a cell phone to his ear while the vehicle was in motion (*see* Vehicle and Traffic Law § 1225-c [2] [a], [b]; *People v Nunez*, 82 AD3d 1128, 1129, *lv denied* 16 NY3d 898). Shortly after defendant exited the vehicle, one of the officers observed a handgun in plain view by the driver's seat of the vehicle, providing probable cause to arrest defendant (*see People v Johnson*, 114 AD3d 1132, 1132).

Entered: July 3, 2014                             Frances E. Cafarell
                                                Clerk of the Court