# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1026

KA 11-01476

PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

LARON ROBINSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 23, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment that convicted him upon a guilty plea of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [5] [ii]). Defendant contends that County Court erred in refusing to suppress the evidence seized as the result of the allegedly unlawful stop of the vehicle that he was driving. We conclude that the court applied the wrong standard in denying defendant's suppression motion. We therefore hold the case, reserve decision, and remit the matter to County Court to determine the motion in accordance with the correct legal standard.

At the suppression hearing, the People presented evidence that, while the police were engaged in surveillance of targeted residences, a lieutenant involved in the operation observed an individual, later identified as defendant, driving slowly down the street toward one of the subject residences. Although the lieutenant observed defendant exit the vehicle and walk toward another individual who had exited the subject residence, he did not see them interact or engage in any hand-to-hand transactions. He also failed to see any drugs or weapons. When defendant returned to the vehicle, he appeared to hand something to the passenger in the front seat and appeared to drink from a beer can, but the lieutenant was unsure. The lieutenant ordered a fellow detective to stop defendant's vehicle, which he did, and the detective observed an open beer can in the vehicle. Defendant engaged in furtive actions when questioned by the detective and was subjected to

a pat frisk, whereupon cocaine was found on his person.  Defendant attempted to flee, but was apprehended and arrested.  From outside the vehicle, the lieutenant then observed the handle of a handgun protruding from underneath the driver's seat, which the detective who stopped the vehicle recovered upon a subsequent search of the vehicle.

In denying defendant's suppression motion, the court concluded that the traffic stop was lawful based upon "a founded suspicion that criminal activity [was] afoot" (*People v De Bour*, 40 NY2d 210, 223).  That was error.  It is well established that " 'police stops of automobiles in this State are legal only pursuant to routine, nonpretextual traffic checks to enforce traffic regulations or when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' " (*People v Washburn*, 309 AD2d 1270, 1271, quoting *People v Spencer*, 84 NY2d 749, 753, *cert denied* 516 US 905), or "where the police have 'probable cause to believe that the driver . . . has committed a traffic violation' " (*id.*, quoting *People v Robinson*, 97 NY2d 341, 349).  Here, the People do not contend that this was a routine check to enforce traffic regulations, and instead rely on defendant's commission of a traffic infraction under Vehicle and Traffic Law § 1227 (1), prohibiting the consumption or possession of an open container containing an alcoholic beverage in a motor vehicle on a public highway, to justify the stop of defendant's vehicle.  Here, the court did not apply the correct standard in denying defendant's suppression motion, i.e., it did not determine whether the police had probable cause to believe that defendant had committed a traffic infraction (*see Robinson*, 97 NY2d at 349; *People v East*, 119 AD3d 1370, 1371; *see generally People v Concepcion*, 17 NY3d 192, 195).  Inasmuch as "[w]e have no power to 'review issues either decided in appellant's favor, or not ruled upon, by the trial court' " (*People v Coles*, 105 AD3d 1360, 1363, quoting *Concepcion*, 17 NY3d at 195), we hold the case, reserve decision, and remit the matter to County Court to rule on that issue.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court