Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 23, 2011. The appeal was held by this Court by order entered November 14, 2014, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (122 AD3d 1282 [2014]). The proceedings were held and completed.
It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to determine whether the police had probable cause to believe that defendant had committed a traffic infraction (People v Robinson, 122 AD3d 1282, 1283-1284 [2014]). Upon remittal, the court denied defendant’s request for suppression, and we now affirm.
*1539 This prosecution arises from an incident in which a captain in the Onondaga County Sheriffs Office, who was a lieutenant at the time of the incident, was observing an area for possible drug activity, and observed defendant park his vehicle in that area. The captain saw defendant leave that vehicle, reenter it shortly thereafter, and then pick up and drink from a can, which the captain concluded was a beer can based on its distinctive size and color. The officer who stopped defendant’s vehicle testified that he did so based on, inter alia, the fact that he heard the captain broadcast that he observed defendant drinking from a can of beer. After defendant was stopped, a search revealed a loaded handgun, cocaine, a bag of bullets and an open can of beer. Defendant pleaded guilty to attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [5] [ii]) and, on appeal, he challenges only the propriety of the stop of the vehicle.
It is well settled that a law enforcement officer may stop a vehicle where, inter alia, the officer has “probable cause to believe that the driver . . . has committed a traffic violation” (People v Robinson, 97 NY2d 341, 349 [2001]). “Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction . . . , but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed” (People v McRay, 51 NY2d 594, 602 [1980]; see People v Guthrie, 25 NY3d 130, 133 [2015], rearg denied 25 NY3d 1191 [2015]). It is also well settled that the credibility determinations of the suppression court “ ‘are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record’ ” (People v Spann, 82 AD3d 1013, 1014 [2011]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]).
Here, the court credited the captain’s testimony, and properly concluded that the police had probable cause to stop the vehicle based on defendant’s violation of Vehicle and Traffic Law § 1227 (1), which prohibits the “drinking of alcoholic beverages, or the possession of an open container containing an alcoholic beverage, in a motor vehicle located upon the public highways or right-of-way public highway.” Finally, although the officer who stopped defendant’s vehicle did not personally observe defendant drink from the beer can, he was acting upon information provided by the captain who made that observation, and an “officer is deemed to act with probable cause when acting at the direction of another law enforcement officer who has the requisite probable cause” (People v Maldonado, 86 NY2d 631, 635 [1995]).
*1540 All concur except Whalen, J., who dissents and votes to reverse in accordance with the following memorandum.