People v Cator (2018 NY Slip Op 02095)





People v Cator


2018 NY Slip Op 02095


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


391 KA 17-01130

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
JAMES CATOR, DEFENDANT-RESPONDENT. 






VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (MICHAEL TANTILLO OF COUNSEL), FOR APPELLANT.
TIFFANY M. SORGEN, CONFLICT DEFENDER, CANANDAIGUA, FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Yates County Court (Jason L. Cook, J.), dated April 10, 2017. The order, inter alia, granted the motion of defendant for suppression of evidence and statements. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.
Memorandum: The People appeal from an order that, inter alia, suppressed physical evidence, as well as statements made by defendant. In February 2016, an Ontario County Sheriff's Deputy drove to defendant's home to discuss a matter unrelated to this case. As the deputy pulled onto defendant's street, he observed an "hysterical" woman waving and pointing at a black sedan that was entering the roadway from a driveway. Without speaking to her, the deputy activated the overhead lights of his patrol vehicle and stopped the black sedan. Its driver, defendant, subsequently failed a field sobriety test and made statements to another officer, and a blood draw indicated that he was intoxicated. Thereafter, defendant was indicted on two counts of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a], [b]), and one count each of driving while intoxicated (§ 1192 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]).
Contrary to the People's contention, County Court properly suppressed the physical evidence and statements. The police may stop a vehicle "when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]; see People v Robinson, 122 AD3d 1282, 1283 [4th Dept 2014]). We conclude that the actions of the "hysterical" woman, without more, did not provide the deputy with reasonable suspicion to justify the stop of the vehicle (see People v Reyes, 69 AD3d 523, 526-527 [1st Dept 2010], appeal dismissed 15 NY3d 863 [2010]; cf. People v Rosa, 67 AD3d 440, 440 [1st Dept 2009], lv denied 14 NY3d 773 [2010]; People v Gardner, 16 AD3d 117, 117 [1st Dept 2005], lv denied 4 NY3d 853 [2005]). We note that, although the police may also stop a vehicle where there is probable cause to believe that its driver committed a traffic violation (see People v Robinson, 97 NY2d 341, 349 [2001]; People v East, 119 AD3d 1370, 1371 [4th Dept 2014]), here, the deputy testified at the suppression hearing that he had not witnessed such a violation before he initiated the stop by activating his overhead lights.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court