People v Balkman (2019 NY Slip Op 02251)





People v Balkman


2019 NY Slip Op 02251


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1432 KA 15-00839

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EVERETT D. BALKMAN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 7, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). In August 2014, defendant was riding as a passenger in a vehicle that was stopped by an officer of the Rochester Police Department (RPD). Shortly after the officer approached the vehicle on foot, he observed a chrome handgun on the floor of the vehicle by defendant's feet. Defendant was arrested and indicted. In his omnibus motion, he sought, inter alia, to suppress physical evidence and statements on the ground that the officer lacked the requisite reasonable suspicion to stop the vehicle. After a hearing, County Court refused to suppress the physical evidence and statements. We affirm.
Contrary to defendant's contention, we conclude that the People established that the officer lawfully stopped the vehicle in which defendant was a passenger because the officer had reasonable suspicion that there was a warrant for the arrest of the registered owner of the vehicle. "Police stops of automobiles in New York State are legal when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' " (People v Bushey, 29 NY3d 158, 164 [2017], quoting People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]). Reasonable suspicion is "the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113 [1975]; see People v Brannon, 16 NY3d 596, 601-602 [2011]). "Reasonable suspicion does not require absolute certainty" (Brannon, 16 NY3d at 602). Rather, we must uphold an automobile stop as having been based upon reasonable suspicion as long as the officer who initiated the stop can point to "specific and articulable facts which, along with any logical deductions, reasonably prompted th[e] intrusion" (Cantor, 36 NY2d at 113; see Brannon, 16 NY3d at 602).
The officer testified at the hearing that he stopped the vehicle in which defendant was a passenger because the onboard computer system in his patrol vehicle indicated a "similarity hit," i.e., the existence of a similarity between the registered owner of the vehicle and a person with an active warrant. A similarity hit is based on a comparison of personal information such as names, aliases, and dates of birth. The system's exact parameters are set by the New York State Department of Motor Vehicles. The officer, a 22-year RPD veteran, testified that he uses the computer system to run license plate numbers on a routine basis. When he runs the license plate number of a particular vehicle, the system provides him with information such as the vehicle's [*2]registration and inspection status and whether the owner has a warrant for his or her arrest. That information is provided in messages through which the officer can scroll. The system generates approximately 11 or 12 messages for a typical vehicle, and it takes the officer approximately 10 or 15 seconds to read each message.
In this case, the plate number of the vehicle generated 25 messages including the similarity hit. The officer testified that it would have taken him several minutes to scroll through the messages and determine whether the warrant was issued for the owner of the vehicle but, because the officer was driving, he had mere seconds to compare the information. In those seconds, he noted that the similarity hit involved a warrant from the City of Rochester, as opposed to an out-of-state warrant, thus requiring heightened attention. He then activated his overhead lights and stopped the vehicle. The officer further testified that he did not review the information in the system prior to approaching the driver of the stopped vehicle because the delay would have given someone trying to evade capture the opportunity to flee. Instead, he immediately exited his patrol vehicle and approached the driver of the stopped vehicle on foot. The officer noticed a female driver, a male front passenger, a rear passenger, and a baby. The officer asked the driver for identification, checked the registration and inspection stickers and, within 20 or 30 seconds of his approach, observed the handgun in plain view. Based on the foregoing testimony, we conclude that the People established the requisite reasonable suspicion based on "specific and articulable facts" (Cantor, 36 NY2d at 113).
We further reject defendant's contention that People v Jennings (54 NY2d 518 [1981]) compels suppression. The defendant in Jennings did not challenge the lawfulness of the vehicle stop (id. at 522). Rather, suppression was required because the defendant was arrested based upon the purported existence of a warrant that had already been vacated (id. at 522-523). Here, in contrast, once the officer saw the handgun in plain view by defendant's feet, he had probable cause to effect defendant's arrest (see People v East, 119 AD3d 1370, 1371 [4th Dept 2014]; see also People v Fields, 127 AD3d 782, 783 [2d Dept 2015], lv denied 26 NY3d 1109 [2016]).
Finally, we have considered defendant's remaining contentions and conclude that they lack merit.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court