Matter of Deraway v New York State Dept. of Motor Vehs. Appeals Bd. (2020 NY Slip Op 01727)





Matter of Deraway v New York State Dept. of Motor Vehs. Appeals Bd.


2020 NY Slip Op 01727


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1 TP 19-01445

[*1]IN THE MATTER OF VAUGHN D. DERAWAY, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD, RESPONDENT. 






JOHN G. LEONARD, ROME, FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Erin P. Gall, J.], entered August 29, 2018) to review a determination of respondent. The determination revoked petitioner's driver's license. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the amended petition is granted.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. A police officer initially stopped petitioner on a suspected violation of Vehicle and Traffic Law § 600 (1) (a), i.e., leaving the scene of an accident that caused property damage without reporting it. The officer observed petitioner approximately one mile from the accident site driving a white pickup truck, which matched the description of the vehicle involved in the accident. The officer effected a stop of the truck by activating the patrol vehicle's lights and ultimately took petitioner into custody after petitioner exhibited signs and made statements that indicated he was intoxicated. Petitioner refused to submit to a chemical test, and thus his driver's license was temporarily suspended. A refusal revocation hearing was thereafter held pursuant to Vehicle and Traffic Law § 1194 (2) (c). The Administrative Law Judge revoked petitioner's license after concluding, inter alia, that the traffic stop was legal. In affirming that determination on petitioner's administrative appeal, respondent concluded that the stop was lawful because the officer "had a reasonable basis for stopping" petitioner.
We agree with petitioner that respondent reviewed the determination under an incorrect legal standard inasmuch as "the Court of Appeals has made it abundantly clear' . . . that police stops of automobiles in this State are legal only pursuant to routine, nonpretextual traffic checks to enforce traffic regulations or when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' . . . [,] or where the police have probable cause to believe that the driver . . . has committed a traffic violation' " (People v Washburn, 309 AD2d 1270, 1271 [4th Dept 2003]; see People v Robinson, 97 NY2d 341, 348-349 [2001]). We further agree with petitioner that the record lacks substantial evidence to support the determination that the officer had the requisite probable cause at the time of the stop (cf. Matter of Deveines v New York State Dept. of Motor Vehs. Appeals Bd., 136 AD3d 1383, 1384-1385 [4th Dept 2016]; see generally Robinson, 97 NY2d at 349; People v Robinson, 122 AD3d 1282, 1283 [4th Dept 2014]). We therefore annul the determination and grant the amended petition.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court