Matter of Dennstedt v Appeals Bd. of Admin. Adjudication Bur. (2022 NY Slip Op 03828)

Matter of Dennstedt v Appeals Bd. of Admin. Adjudication Bur.

2022 NY Slip Op 03828

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

347 TP 21-01572

[*1]IN THE MATTER OF CRAIG A. DENNSTEDT, PETITIONER,
T
v
HE APPEALS BOARD OF ADMINISTRATIVE ADJUDICATION BUREAU, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES AND MARK J.F. SCHROEDER, AS COMMISSIONER OF THE DEPARTMENT OF MOTOR VEHICLES, RESPONDENTS. 

FITZSIMMONS, NUNN & PLUKAS, LLP, ROCHESTER (JOSEPH PLUKAS OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALEXANDRIA TWINEM OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Ann Marie Taddeo, J.], entered February 19, 2021) to review a determination of respondents. The determination revoked the license of petitioner to operate a motor vehicle. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. We confirm the determination. Contrary to petitioner's contention, the determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The arresting officer's testimony at the hearing established that he issued the standardized warning when he informed petitioner that his refusal to submit to chemical testing would result in the immediate suspension and subsequent revocation of his license (see Vehicle and Traffic Law § 1194 [2] [c] [3]; see generally People v Smith, 18 NY3d 544, 548-549 [2012]). While the officer also testified at the hearing that he responded to a question posed by petitioner by stating that he was not confiscating petitioner's license at that exact moment and that petitioner would have a court date at some point, we conclude that such testimony did not conflict with the officer's clear and unequivocal warning regarding the effect of petitioner's refusal to submit to testing (cf. Matter of Gargano v New York State Dept. of Motor Vehs., 118 AD2d 859, 860 [2d Dept 1986], lv denied 68 NY2d 606 [1986]; see generally People v Cousar, 226 AD2d 740, 741 [2d Dept 1996], lv denied 88 NY2d 983 [1996]; Kowanes v State of N.Y. Dept. of Motor Vehs., 54 AD2d 611, 611 [4th Dept 1976]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court