Matter of Malvestuto v Schroeder (2022 NY Slip Op 04511)

Matter of Malvestuto v Schroeder

2022 NY Slip Op 04511

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

572 TP 22-00180

[*1]IN THE MATTER OF ROBERT L. MALVESTUTO, PETITIONER,
v
MARK J.F. SCHROEDER, IN HIS OFFICIAL CAPACITY AS COMMISSIONER, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (ALEXANDER E. BASINSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Niagara County [Frank Caruso, J.], entered February 1, 2022) to review a determination of respondent. The determination revoked petitioner's driver's license. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated (DWI). We confirm the determination.
Contrary to petitioner's contention, the determination is supported by substantial evidence. The arresting officer's testimony at the hearing established that the officer possessed reasonable grounds to believe that petitioner had been driving while intoxicated inasmuch as the hood of the vehicle in question was warm when the officer arrived at the scene, there was a single set of footprints in the snow leading away from the driver's side of the vehicle following the path that petitioner was alleged by the complaining witness to have taken, petitioner admitted that he had been in the vehicle, petitioner exhibited signs of alcohol consumption and impairment, and petitioner refused to perform field sobriety tests (see Matter of Thompson v New York State Dept. of Motor Vehs., 170 AD3d 1657, 1657-1658 [4th Dept 2019]; see also People v Barnes, 137 AD3d 1571, 1571-1572 [4th Dept 2016], lv denied 27 NY3d 1128 [2016]; People v Annis, 126 AD3d 1525, 1526 [4th Dept 2015]). In addition, the officer's testimony, along with his refusal report, which was entered in evidence, established that petitioner refused to submit to the chemical test after he was arrested for DWI and warned three times of the consequences of such refusal (see Vehicle and Traffic Law § 1194 [2] [a] [1]; Matter of Huttenlocker v New York State Dept. of Motor Vehs. Appeals Bd., 156 AD3d 1464, 1464 [4th Dept 2017]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court