Matter of Corbett v Schroeder (2023 NY Slip Op 01450)

Matter of Corbett v Schroeder

2023 NY Slip Op 01450

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1030 CA 22-01094

[*1]IN THE MATTER OF DAVID KEVIN D. CORBETT, PETITIONER-APPELLANT,
v
MARK J.F. SCHROEDER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT-RESPONDENT. 

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (John J. Ark, J.), entered February 10, 2022 in a proceeding pursuant to CPLR article 78. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated, the determination is confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. As a preliminary matter, we conclude that Supreme Court should have transferred the proceeding to this Court. The petition raises a question of substantial evidence, and the remaining points made by petitioner are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g). We therefore vacate the judgment, and we treat the proceeding as if it had been properly transferred and review petitioner's contentions de novo (see Matter of Elderwood at Cheektowaga v Zucker, 188 AD3d 1578, 1579 [4th Dept 2020]; Matter of Hope Day Care, LLC v New York State Off. of Children & Family Servs., 162 AD3d 1639, 1640 [4th Dept 2018], lv denied 32 NY3d 905 [2018]).
We conclude that the determination is supported by substantial evidence (see Matter of Thompson v New York State Dept. of Motor Vehs., 170 AD3d 1657, 1657-1658 [4th Dept 2020]). The arresting officer's testimony at the hearing established that the officer lawfully stopped the vehicle driven by petitioner based on a reasonable suspicion that petitioner was committing the crime of driving while intoxicated (see People v White, 27 AD3d 1181, 1182 [4th Dept 2006]). The officer testified that he arrived at an establishment after responding to a 911 call about a patron who was "causing trouble." There, the officer spoke with petitioner, and the officer detected an odor of alcohol emanating from petitioner and observed that petitioner had "glassy eyes," spoke with a "slow pace of speech," and swayed while he was standing. The officer shortly thereafter learned from the establishment's security guard that petitioner had left the area driving an SUV, and that the vehicle was traveling in a southeasterly direction. After the officer drove in that direction for a few minutes and reached an area approximately one mile away from the establishment, the officer observed an SUV—the only one in the area—traveling in the same direction, and thereafter conducted a traffic stop. Although the SUV was gray, and not green as reported by the security guard, we conclude that the discrepancy in that regard did not negate the officer's reasonable suspicion that petitioner was driving the SUV in question while intoxicated inasmuch as "the totality of the information known to the [officer] at the time" justified the traffic stop (People v Finch, 137 AD3d 1653, 1654 [4th Dept 2016]). Once the officer stopped petitioner's vehicle, petitioner continued to display signs of intoxication, and he failed two field [*2]sobriety tests. Thus, the officer then had probable cause to arrest petitioner for driving while intoxicated. In addition, the officer's testimony, along with his refusal report, which was entered into evidence, established that petitioner refused to submit to the chemical test after he was arrested and that he was warned of the consequences of such refusal (see Matter of Malvestuto v Schroeder, 207 AD3d 1245, 1245-1246 [4th Dept 2022]).
We have reviewed petitioner's remaining contention and conclude that it does not require a different result.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court