Matter of Chartrand v New York State Dept. of Motor Vehs. Appeals Bd. (2023 NY Slip Op 01447)

Matter of Chartrand v New York State Dept. of Motor Vehs. Appeals Bd.

2023 NY Slip Op 01447

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1009 TP 22-01056

[*1]IN THE MATTER OF JAMES R. CHARTRAND, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD, RESPONDENT. 

LEONARD CRIMINAL DEFENSE GROUP, PLLC, ROME (JOHN G. LEONARD OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Lewis County [James P. McClusky, J.], entered January 31, 2022) to review a determination of respondent. The determination revoked the driver's license of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated (DWI). A sheriff's deputy, responding to a report of a burglary in progress, initially stopped petitioner after observing him driving a vehicle that matched the description given of the vehicle in which the suspect had fled from the burglary. The deputy took petitioner into custody after petitioner exhibited signs of intoxication and failed field sobriety tests. Petitioner refused to submit to a chemical test and, based on that refusal, his license was temporarily suspended. A refusal revocation hearing was thereafter held pursuant to Vehicle and Traffic Law § 1194 (2) (c). The Administrative Law Judge revoked petitioner's license after concluding that all of the relevant elements of Vehicle and Traffic Law § 1194 (2) (c) had been established. Respondent confirmed the determination upon petitioner's administrative appeal.
As petitioner contends and respondent correctly concedes, respondent reviewed the determination whether the initial stop of petitioner's vehicle was lawful under an incorrect legal standard. Since People v Ingle (36 NY2d 413 [1975]), "the Court of Appeals has made it abundantly clear . . . that police stops of automobiles in this State are legal only pursuant to routine, nonpretextual traffic checks to enforce traffic regulations or when there exists at least reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime . . . [,] or where the police have probable cause to believe that the driver . . . has committed a traffic violation" (Matter of Deveines v New York State Dept. of Motor Vehs. Appeals Bd., 136 AD3d 1383, 1384 [4th Dept 2016] [internal quotation marks omitted]; see Matter of Deraway v New York State Dept. of Motor Vehs. Appeals Bd., 181 AD3d 1150, 1151 [4th Dept 2020]). We nevertheless reject petitioner's contention that the record lacks substantial evidence to support the determination that the stop was lawful (see Deveines, 136 AD3d at 1384). Here, the record establishes that the deputy had " 'a reasonable suspicion that [petitioner,] the driver . . . of the vehicle[,] ha[d] committed . . . a crime' " (People v Washburn, 309 AD2d 1270, 1271 [4th Dept 2003]; see People v Bolden, 109 AD3d 1170, 1172 [4th Dept 2013], lv denied 22 NY3d 1039 [2013]; People v Black, 48 AD3d 1154, 1155 [4th Dept 2008], lv denied 10 NY3d 859 [2008]).
Further, contrary to petitioner's contention, the determination that petitioner refused to submit to a chemical test after receiving the requisite warnings is supported by substantial evidence (see Matter of Malvestuto v Schroeder, 207 AD3d 1245, 1245-1246 [4th Dept 2022]). The deputy's testimony, along with his refusal report, which was entered in evidence, established that petitioner refused to submit to a chemical test after he was arrested for DWI and provided with three clear and unequivocal warnings of the consequences of such refusal (see id. at 1246; see generally Vehicle and Traffic Law § 1194 [2] [b]). We reject petitioner's contention that it was error to consider the refusal report in addition to the deputy's testimony (see generally Malvestuto, 207 AD3d at 1246; Matter of Bersani v New York State Dept. of Motor Vehs., 162 AD3d 1553, 1553 [4th Dept 2018]; Matter of Huttenlocker v New York State Dept. of Motor Vehs. Appeals Bd., 156 AD3d 1464, 1464 [4th Dept 2017]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court