Matter of Gullace v Schroeder (2023 NY Slip Op 02265)

Matter of Gullace v Schroeder

2023 NY Slip Op 02265

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1033 TP 22-00935

[*1]IN THE MATTER OF ANTHONY GULLACE, PETITIONER,
v
MARK J.F. SCHROEDER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT. 

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Victoria M. Argento, J.], entered December 8, 2021) to review a determination of respondent. The determination revoked the driver's license of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. Petitioner was placed in the back of a police vehicle after he was involved in a motor vehicle accident wherein he rear-ended another vehicle. A New York State Police Trooper thereafter responded to the scene to conduct an investigation into whether petitioner had been driving while intoxicated (DWI). The Trooper ultimately took petitioner into custody after petitioner exhibited signs of intoxication. Petitioner refused to submit to a chemical test and, based on that refusal, his license was temporarily suspended. A refusal revocation hearing was then held pursuant to Vehicle and Traffic Law § 1194 (2) (c). The Administrative Law Judge revoked petitioner's license after concluding that all of the relevant elements of Vehicle and Traffic Law § 1194 had been established. Respondent confirmed the determination upon petitioner's administrative appeal. Contrary to petitioner's contention, the matter was properly transferred to this Court inasmuch as petitioner raised a question whether the determination is supported by substantial evidence (see CPLR 7804 [g]).
We reject petitioner's contention that respondent's determination is not supported by substantial evidence (see Matter of Malvestuto v Schroeder, 207 AD3d 1245, 1245-1246 [4th Dept 2022]; Matter of Dennstedt v Appeals Bd. of Admin. Adjudication Bur., 206 AD3d 1693, 1694 [4th Dept 2022]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). The Trooper's testimony at the hearing established that petitioner was temporarily detained at the scene of the motor vehicle accident on suspicion of DWI, and that detention did not constitute a de facto arrest (see e.g. People v Palmer, 204 AD3d 1512, 1514 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]; see also People v Pruitt, 158 AD3d 1138, 1139 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]). In addition, the Trooper's testimony, along with his refusal report, which was entered in evidence, established that petitioner refused to submit to the chemical test after he was arrested for DWI and warned three times of the consequences of such refusal (see Malvestuto, 207 AD3d at 1246; see generally Vehicle and Traffic Law § 1194 [2] [b]). Petitioner's remaining contention was not raised in his administrative appeal, and therefore petitioner has failed to exhaust his administrative remedies with respect to that contention (see Matter of Neelman v State Univ. of N.Y. at Buffalo, 192 AD3d 1621, 1623 [4th Dept 2021]; Matter of Gorman v New York State Dept. of Motor Vehs., 34 [*2]AD3d 1361, 1361 [4th Dept 2006]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court