Matter of Vosburgh v New York State Dept. of Motor Vehicles Appeals Bd. (2023 NY Slip Op 02441)

Matter of Vosburgh v New York State Dept. of Motor Vehicles Appeals Bd.

2023 NY Slip Op 02441

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

382 TP 22-01262

[*1]IN THE MATTER OF MICHAEL S. VOSBURGH, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD, RESPONDENT. 

LEONARD CRIMINAL DEFENSE GROUP, PLLC, ROME (JOHN G. LEONARD OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALEXANDRIA TWINEM OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Scott J. DelConte, J.], entered August 3, 2022) to review a determination of respondent. The determination revoked the driver's license of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated (DWI). We confirm the determination. Contrary to petitioner's contention, the determination that petitioner refused to submit to a chemical test after receiving the requisite warnings is supported by substantial evidence (see Matter of Malvestuto v Schroeder, 207 AD3d 1245, 1245-1246 [4th Dept 2022]). The arresting officer's testimony at the hearing, along with his refusal report, which was entered in evidence, established that petitioner refused to submit to a chemical test after he was arrested for DWI and provided with three clear and unequivocal warnings of the consequences of such refusal (see id. at 1246; see generally Vehicle and Traffic Law § 1194 [2] [b]). We reject petitioner's contention that it was error to consider the refusal report in addition to the arresting officer's testimony (see Matter of Chartrand v New York State Dept. of Motor Vehs. Appeals Bd., 214 AD3d 1402, 1404 [4th Dept 2023]; see generally Malvestuto, 207 AD3d at 1246; Matter of Bersani v New York State Dept. of Motor Vehs., 162
AD3d 1553, 1553 [4th Dept 2018]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court